UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERYL NEASON                                    CIVIL ACTION

VERSUS                                           NO: 09-1683

FIDELITY NATIONAL INSURANCE                      SECTION: R
COMPANY


**ORDER AND REASONS**

Before the Court is defendant Fidelity National Insurance Company's motion for summary judgment.[1]  For the following reasons, Fidelity's motion is GRANTED.

**I.   BACKGROUND**

Plaintiff Cheryl Neason owns property in New Orleans, Louisiana insured by a Fidelity Write-Your-Own (WYO) flood insurance policy pursuant to the National Flood Insurance Program (NFIP).  The policy insures building damage up to $126,000 and

---

[1]     (R. Doc. 19.)

contents up to $20,000.[2] Neason filed a claim for flood insurance after Hurricane Katrina damaged her property.[3] Fidelity has submitted an affidavit stating that it paid Neason $76,125.20 on her building damages claim and $20,000 on her contents claim after reviewing an independent adjustment.[4] Neason does not contest that she received these payments. Fidelity's affidavit further asserts that Neason never submitted a signed and sworn proof of loss before bringing this action.[5] Neason has not opposed Fidelity's motion for summary judgment.

## II. STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[6] When assessing whether a dispute as to any material fact exists,

---

[2] (R. 19, Brinker Aff. ¶ 8.)

[3] (*Id.* ¶ 9.)

[4] (*Id.* ¶ 13.)

[5] (*Id.* ¶ 15.)

[6] Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[7] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[8]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[9] The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[10]

If the dispositive issue is one on which the nonmoving party

---

[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

[8] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[9] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

[10] *Id.* at 1265.

will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[11]  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.[12]  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[13]

**III. DISCUSSION**

The NFIP was established by the National Flood Insurance Act (NFIA)[14] and is administered through the Federal Emergency Management Agency (FEMA).[15]  FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of a Standard Flood Insurance Policy

---

[11] *Celotex*, 477 U.S. at 325.

[12] *Id.* at 324.

[13] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith for and on Behalf of Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

[14] 42 U.S.C. §§ 4001, *et seq.* (2006).

[15] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

(SFIP).[16]

Although a SFIP may be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[17] Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced.[18] SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator."[19] Thus, an insured may not file a lawsuit against his WYO insurer "unless [he has] complied with all the requirements of the [SFIP]."[20] The SFIP provides that a signed and sworn proof of loss including specific information must be submitted within 60 days of a loss.[21] FEMA has extended this requirement with respect to Katrina claims to one year.[22] The Fifth Circuit holds

---

[16] *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[17] *Wright*, 415 F.3d at 386.

[18] *Id.* at 387; *Gowland*, 143 F.3d at 954.

[19] 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

[20] 44 C.F.R. pt. 61, app. A(1), art. VII(R).

[21] 44 C.F.R. pt. 62, app. A(1), art. VII(J)(4).

[22] *Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1057 (5th Cir. 2008); *Richardson v. Am. Bankers Ins. Co.*, 279 F. App'x 295, 298-99 (5th Cir. 2008) (*per curiam*).

that a "failure to provide a complete proof of loss statement in accordance with the policy requirements will excuse the federal insurer's obligation to pay on an otherwise valid claim of loss."[23]

Neason alleges that her property was damaged during Hurricane Katrina in August 2005, and she had one year to file a proper proof of loss. This is true even though Fidelity adjusted Neason's claim and issued payments without a proof of loss.[24] Neason has not created an issue of fact that she filed a proper proof of loss, and therefore Neason is barred from bringing this lawsuit seeking additional benefits under her SFIP policy.[25] Furthermore, Neason's extracontractual state law claims are legally barred because "federal law governs disputes that arise from insurance policies issued under the NFIA" and preempts remedies not permitted under the federal flood insurance

---

[23] *Durkin v. State Farm Mut. Ins. Co.*, 3 F. Supp. 2d 724, 727-28 (E.D. La. 1997) (citing authorities); *Gowland*, 143 F.3d at 953;; *Marseilles*, 542 F.3d at 1055-56; *Richardson*, 279 F. App'x at 298; *Wientjes v. Am. Bankers Ins. Co. of Fla.*, 339 F. App'x 483, 484-85 (5th Cir. 2009).

[24] *Marseilles*, 542 F.3d at 1055.

[25] *See* 44 C.F.R. § 61, app. (A)(1), art. VII(R) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.").

scheme.[26]

## IV. CONCLUSION

For the reasons stated, Fidelity's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 5th day of May, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26] *Wright*, 415 F.3d at 386 (holding that "state law tort claims arising from claims handling by a WYO are preempted by federal law"); *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 289 (5th Cir. 2009) (holding that WYO not liable for attorneys' fees under Equal Access to Justice Act); *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1309-10 (11th Cir. 2001) (holding that "no-interest rule prohibits awards of prejudgment interest against WYO companies").

7